NUMBER 13-08-00216-CR



# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JACK EUGENE WASHMON A/K/A
JACK EUGENE WASHBURN,**                                               **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                          **Appellee.**

---

**On appeal from the 117th District Court
of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Justice Yañez**

Appellant, Jack Eugene Washmon a/k/a Jack Eugene Washburn, was convicted of

one count of possession of four grams or more but less than 200 grams of heroin, a first-

degree felony,[1] and two counts of possession of cocaine.[2]  The jury found that Washmon

was a habitual offender and assessed punishment of concurrent sentences of thirty-eight,

thirty-three, and twenty-five years' confinement respectively.[3]  By three issues, Washmon

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Vernon Supp. 2009).

[2] With respect to the counts for cocaine possession, Washmon was convicted of possessing four grams or more but less than 200 grams of cocaine, a first-degree felony, and one gram or more but less than four grams of cocaine, a second-degree felony.  *See id.*

[3] *See* TEX. PENAL CODE ANN. § 12.42 (Vernon Supp. 2009).

contends that the trial court erred: (1) in denying his challenge for cause during voir dire; (2) in admitting inadmissible hearsay; and (3) by denying his objection to the State's motion to enhance punishment. We affirm.[4]

## I. VOIR DIRE

By his first issue, Washmon contends that the trial court erred in denying his challenge for cause of a veniremember who Washmon claims was biased as a matter of law. Washmon argues that veniremember 26 "clearly stated that [Washmon's] 'drug problem' would make her 'more bias [sic] against him'" and that veniremember 26 was not rehabilitated.

> To preserve error with respect to a trial court's denial of a challenge for cause, an appellant must: (1) assert a clear and specific challenge for cause; (2) use a peremptory strike on the complained-of veniremember; (3) exhaust his peremptory strikes; (4) request additional peremptory strikes; (5) identify an objectionable juror; and (6) claim that he would have struck the objectionable juror with a peremptory strike if he had one to use.[5]

Here, the record shows that Washmon asserted a clear and specific challenge for cause against veniremember 26, used a peremptory strike against her, and exhausted his peremptory strikes. However, Washmon neither identified a specific objectionable juror to the trial court nor claimed that he would have struck that identified objectionable juror with an additional peremptory strike.[6] Therefore, Washmon has not preserved error. We overrule Washmon's first issue.

## II. HEARSAY

By his second issue, Washmon contends that the trial court improperly admitted hearsay into evidence. Specifically, Washmon complains that after defense counsel

---

[4] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[5] *See Allen v. State*, 108 S.W.3d 281, 282 (Tex. Crim. App. 2003) (citing *Nelson v. State*, 848 S.W.2d 126, 134 (Tex. Crim. App. 1992)); *see also Medrano v. State*, No. 13-05-702-CR, 2006 Tex. App. LEXIS 7241, at *4 (Tex. App.–Corpus Christi Aug. 17, 2006, pet. ref'd) (mem. op., not designated for publication).

[6] *See Allen*, 108 S.W.3d at 282-83 (concluding that because the appellant failed to identify the objectionable juror to the trial court,"he waived his right to complain on appeal that the trial judge erroneously overruled his challenge for cause").

attempted to impeach the State's witness, David Rjasko, with statements from his police report, the trial court erroneously allowed the State to read the entire report into the record under the doctrine of optional completeness.

## A.  Relevant Facts

During direct examination by the State, Rjasko testified that he observed Washmon commit a traffic violation and relayed that information to other officers, who eventually stopped Washmon; Rjasko assisted with the stop.  According to Rjasko, he was informed that, during the traffic stop, the officers found drug paraphernalia—a syringe.  Rjasko testified that Washmon consented to a search of his vehicle, and during that search, Rjasko found contraband hidden inside a "speaker box" on the floorboard of the vehicle.

While cross-examining Rjasko, Washmon's defense counsel read the following portion of Rjasko's police report:  "I then asked Arrestee No.1 for consent, verbal, to search the vehicle.  Arrestee No. 1 stated, 'Yes, you can search the vehicle.'  After receiving verbal consent from Arrestee, myself and S.O. LaRock began to search the vehicle."  Defense counsel then asked, "It appears clear, does it not, that that is the justification that you gave for your search of the vehicle; isn't that correct?," and Rjasko responded, "I asked [Washmon] for consent, sir, and [he] consented."  Pursuant to the rule of optional completeness, the trial court allowed the State to read the entire police report into the record.

## B.  Standard of Review and Applicable Law

We review a trial court's admission of evidence, including hearsay, under an abuse of discretion standard.[7]  "The trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement."[8]

Hearsay statements are generally not admissible unless the statement falls within

---

[7] *Apolinar v. State*, 155 S.W.3d 184, 186 (Tex. Crim. App. 2005).

[8] *Id.*

a recognized exception to the hearsay rule.[9]  Police reports are barred by the rules of evidence as inadmissible hearsay.[10]

## C. Analysis

Hearsay evidence is accepted upon the question of probable cause to search, where the issue is submitted to the jury, as in this case.[11]  At trial, Washmon argued that the search of his vehicle had been conducted without consent or probable cause.  In its charge to the jury, the trial court instructed that unless the jury found "beyond a reasonable doubt that the officer or officers acquired probable cause to search, or that they obtained voluntary consent from [Washmon] to search" the vehicle, it should find Washmon "not guilty."  The jury was further instructed that the evidence obtained during the search could not be considered by the jury if it did not find that there was probable cause or consent for the search.  Accordingly, portions of the police report were relevant for the limited purpose of determining whether the search was conducted pursuant to probable cause.

Furthermore, although the State read the remainder of Rjasko's police report into the record, the evidence presented in the report was admitted, without objection, elsewhere.[12]  Our review of the record reveals that the majority of the report related to Rjasko's personal observations, which Rjasko testified to without objection before the State read the report into the record.  The remainder of the report included two hearsay statements Rjasko attributed to LaRock.  First, Rjasko wrote in the report that "[he] was alerted by [La Rock] that [Rebecca Ramirez, a passenger in Washmon's vehicle,] had a syringe loaded in her back pocket.  LaRock testified, without objection, that he saw a

---

[9] *See* TEX. R. EVID. 802.

[10] *See State v. Mosquera*, 877 S.W.2d 40, 41 (Tex. App.–Corpus Christi 1994, no writ) ("The rules of evidence forbid the admission of police reports, expressly excluding such documents from the 'public documents' exception to the hearsay rule.") (citing TEX. R. EVID. 803(8)(B)).

[11] *Livingston v. State*, 739 S.W.2d 311, 332-33 (Tex. Crim. App. 1987); *see* TEX. CODE CRIM. PROC. ANN. art. 38.23.

[12] *See Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) ("[O]verruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling."); *Livingston*, 739 S.W.2d at 333 ("[I]f a fact to which objected-to hearsay relates is sufficiently proven by other competent and unobjected to evidence, the admission of the hearsay is properly deemed harmless and does not constitute reversible error.").

4

"loaded syringe . . . sticking out of the back of [Ramirez's] waistband."[13] Next, Rjasko wrote in his report that "[he] was alerted by [LaRock] that [Ramirez] stated that there were more syringes in the vehicle." Ramirez testified, without objection, that she informed an unknown officer that she had more syringes in the vehicle. LaRock testified that Ramirez told him that she had "some more needles in her purse inside the vehicle." Because the evidence presented in Rjasko's police report was admitted elsewhere, without objection, even if it was error for the trial court to allow the State to read Rjasko's entire police report, the error was harmless.[14] We overrule Washmon's second issue.

### III. SENTENCE ENHANCEMENT

By his third issue, Washmon contends that he was denied his due process rights when the trial court denied his objection to "the State's motion for enhancement." Specifically, Washmon argues that he did not receive adequate notice of the State's intent to enhance punishment; that he was "surprised" by the late notice; and that he was harmed by the trial court's ruling allowing the State to enhance his punishment.

#### A. Relevant Facts

On March 17, at a pretrial hearing, the same day Washmon's trial began, the State gave oral notice of its intent to enhance punishment based on a burglary of a habitation conviction occurring in 1999, and a robbery conviction occurring in 2003. Washmon objected to the notice claiming surprise and requested additional time to prepare his defense because he claimed that he was unprepared to contest the enhancement allegations. At this time, the trial court denied the State's request for enhancement.

On March 19, after the jury found Washmon guilty, the State filed a written notice

---

[13] LaRock described a "loaded syringe" as a syringe containing a substance or having "something inside of it."

[14] *Leday*, 983 S.W.2d at 718; *Livingston*, 739 S.W.2d at 333; *Chamberlain v. State*, 998 S.W.2d 230, 235 (Tex. Crim. App. 1999) (en banc) ("It is well established that questions regarding the admission of evidence are rendered moot if the same evidence is elsewhere introduced without objection; any error in admitting evidence over a proper objection is harmless if the same evidence is subsequently admitted without objection."); *Matz v. State*, 21 S.W.3d 911, 912 (Tex. App.–Fort Worth 2000, pet. ref'd) (concluding that even if the trial court erred by improperly admitting evidence, such error was harmless when the evidence was later introduced without objection).

5

of intent to seek enhanced felony punishment. Washmon again objected to the lack of adequate notice, arguing that he needed more time to prepare his defense due to surprise and requested at least a ten-day continuance. The trial court ruled that the State could seek enhancement and denied Washmon's oral request for a continuance. The trial court allowed the State to enhance Washmon's punishment.

Washmon pleaded "not true" to both of the State's enhancement allegations. The trial court admitted into evidence the two prior judgments against Washmon during the State's case. Washmon testified on his own behalf, and during direct examination, he admitted that he had been convicted of the two felonies as alleged by the State. The jury found beyond a reasonable doubt that Washmon had previously been convicted of two felonies and enhanced his punishment.

## B. Applicable Law

A defendant has a due process right to notice of the State's intent to seek an enhanced sentence.[15] The Texas Court of Criminal Appeals has held that "prior convictions used as enhancements must be pled in some form . . . ."[16] At a minimum, a defendant is "entitled to a description of the judgment of former conviction that will enable him to find the record and make preparation for a trial of the question of whether he is the named convict therein."[17] "The ultimate question is whether constitutionally adequate notice was given" and "when a defendant has no defense to the enhancement allegation and has not suggested the need for a continuance in order to prepare one, notice given at the beginning of the punishment phase satisfies the federal constitution."[18]

## C. Discussion

Here, the State provided oral notice of its intent to enhance punishment before the guilt/innocence phase of the trial began and again provided written notice before the

---

[15] *Villescas v. State*, 189 S.W.3d 290, 293 (Tex. Crim. App. 2006).

[16] *Id.*

[17] *Id.*

[18] *Id.*

6

punishment phase; therefore, Washmon knew of the State's intent to offer his prior felony convictions for purposes of enhancement throughout the proceedings. "Under [the United State's Supreme Court case,] *Oyler* [*v. Boles*[19]], due process does not even require that the notice be given before the guilt phase begins, much less that it be given a number days before trial."[20] Although Washmon asked for a continuance, it was not sworn or written.[21] Moreover, Washmon generally stated that he needed a continuance to prepare a defense. However, there is nothing to suggest, and Washmon has not raised at trial or on appeal, any defenses to the State's allegations.[22] In fact, Washmon testified during the punishment hearing that he had been convicted of the two prior felonies alleged by the State. Thus, because Washmon received notice before the punishment phase began and does not raise a defense to the enhancement allegations, the State provided the minimal notice required to satisfy due process.[23] We overrule Washmon's third issue.

## IV. CONCLUSION

We affirm.

LINDA REYNA YAÑEZ,
Justice

Do not publish.
SEE TEX. R. APP. P. 47.2(b).
Delivered and filed the
29th day of April, 2010.

---

[19] *See* 368 U.S. 448 (1962).

[20] *Villescas*, 189 S.W.3d at 294.

[21] *See Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009) (providing that a motion for continuance must be sworn and in writing).

[22] *Villescas*, 189 S.W.3d at 293 (stating that proper notice of the enhancement allegations allows the defendant to show, if possible, that there is a mistake in identity, or that there was no final former conviction or the like).

[23] *Id.* at 295.

7